RECEIVED
FEB 24 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SAMUEL WALLACE, Petitioner | CIVIL ACTION NO. 1:16-CV-100; SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| M. D. CARVAJAL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Pro se Petitioner Samuel Wallace (#21263-034) filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 21, 2016. (Doc. 1). Petitioner is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Petitioner challenges the legality of his sentence.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual Allegations

Petitioner was convicted in the United States District Court for the Western District of Texas of Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. U.S. v. Wallace, No. 5:09-cr-115 (W.D. Tex., Jan. 6, 2010). Petitioner entered a guilty plea and was sentenced to

180 months of imprisonment. Id. He claims that his sentence is invalid based on the sentencing guidelines.

Petitioner alleges that he is entitled to proceed under the savings clause of 28 U.S.C. § 2255(e), and he also attempts to raise a claim of ineffective assistance of counsel.

## Law and Analysis

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition may be filed by a prisoner to challenge the manner in which his sentence is being executed. See Reyes–Requena v. U.S., 243 F.3d 893, 900–01 (5th Cir. 2001) (citing Warren v. Miles, 230 F.3d 688, 694 (5th Cir.2000)). The proper venue for such a challenge is the district in which the prisoner is incarcerated. See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000) (quoting Pack, 218 F.3d at 451).

In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred "at or prior to sentencing." Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (quoting United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). The claims that are cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law ..., or that there has been such a denial or infringement of the constitutional rights of the prisoner as

2

to render the judgment vulnerable." 28 U.S.C. § 2255(b). A § 2255 motion "provides the primary means of collateral attack on a federal sentence" and must be filed in the court which issued the contested sentence. See Cox, 911 F.2d at 1113. Because of these differences, a § 2241 petition that seeks to challenge the validity of a federal sentence or conviction must be either dismissed or construed as a § 2255 motion by the court. See Pack, 218 F.3d at 452.

Petitioner claims that he received ineffective assistance of counsel, and that his sentence was improperly enhanced. Thus, Petitioner challenges the validity of his federal conviction or sentence, not the manner in which his sentence is being executed. Unless his petition falls under the savings clause of 28 U.S.C. § 2255, it should be dismissed.[1]

The savings clause is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack, 218 F.3d at 452. It allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate is squarely on the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

---

[1] The petition must either be construed as a § 2255 motion or dismissed. See Pack, 218 F.3d at 452. Either avenue leads to the same destination in this case. Because Petitioner filed in the district in which he is incarcerated rather than in the sentencing court, construing his § 2241 petition as one filed under § 2255 would still result in its dismissal.

3

The Fifth Circuit Court of Appeals has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under this provision, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. Reyes–Requena, 243 F.3d at 904. "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." Id. at 903.

Although Petitioner claims that he is entitled to proceed under the savings clause, he has not identified a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense. Id.

To the extent that Petitioner argues that he is entitled to proceed under § 2241 because he is otherwise innocent, his claim fails. A claim of actual innocence does not provide an exception to the requirement that a petitioner must qualify under the "savings clause" of § 2255 to challenge his conviction and sentence in a § 2241 petition. The Fifth Circuit has consistently held that federal habeas law does not recognize a freestanding actual-innocence claim. See In re Swearingen, 556 F.3d 344, 348 (5th Cir. 2009); Foster v. Quarterman, 466 F.3d 359, 367 (5th Cir. 2006) (actual-innocence is not an independently cognizable federal habeas claim).

Petitioner also seeks relief under 18 U.S.C. § 3582(c)(2) on the grounds that the relevant sentencing range was subsequently lowered by the Sentencing Commission. Section 3582 permits the sentencing court to reduce a term of imprisonment when such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. To the extent that Petitioner seeks relief under § 3582(c)(2), he must do so in the district court in which he was sentenced.

Any procedural barriers to Petitioner seeking relief under § 2255 do not make that section's remedy inadequate or ineffective for purposes of the savings clause. See Frees v. Maye, 441 F. App'x 285, 287 (5th Cir. 2011) (citing Pack, 218 F.3d at 453; Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000) (per curiam); Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999); United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999); Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Zvonaric v. Mustain, 562 F.2d 570, 572 n. 1 (8th Cir. 1977) (per curiam)).

For the foregoing reasons, **IT IS RECOMMENDED** that the § 2241 petition be **DENIED AND DISMISSED**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party

5

may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 24th day of February, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge